```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY

NORMA K. DIDIEGO              :   Civil Action No. 06-4806(NLH)
and JOSEPH M. DIDIEGO,        :
                              :
         Plaintiffs,          :
                              :
    v.                        :   OPINION
                              :
CHRISTIAN R. CAVE             :
and DAWN M. ARMSTRONG,        :
                              :
         Defendants.          :
                              :
```

**APPEARANCES:**

Daryl W. Winston, Esquire
Conrad, O'Brien, Gellman & Rohn, PC
1040 Kings Highway North
Suite 600
Cherry Hill, NJ 08034

   *Attorney for Plaintiffs*

Robert R. Nicodemo, III, Esquire
Law Offices of Robert R. Nicodemo, III
303 South Kings Highway
Suite 4
Cherry Hill, NJ 08034

   *Attorney for Defendants*

**HILLMAN**, District Judge

   This matter has come before the Court on defendant Dawn M. Armstrong's motion for summary judgment. For the reasons expressed below, defendant's motion will be granted.

                              **BACKGROUND**

   On October 14, 2004, plaintiffs were involved in a motor vehicle accident with defendant Christian Cave, who was driving an automobile owned by his mother, defendant Dawn Armstrong.

Plaintiffs filed a lawsuit against Cave, as the driver of the vehicle, and Armstrong, claiming that Cave was operating the vehicle as Armstrong's agent, servant and/or employee at the time of the accident.

Armstrong has filed a motion for summary judgment seeking judgment in her favor because the evidence gained through discovery shows that Cave was not acting as her agent at the time of the accident.  Plaintiffs have not opposed this motion.

## DISCUSSION

### A.   Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### B.   Summary Judgment Standard

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

### C.   Analysis

Armstrong argues that because the evidence shows that her

2

son was not acting as her servant when he was involved in the accident, she cannot be held liable for plaintiffs' damages. New Jersey adheres to the common-law rule that the owner of a motor vehicle is not liable for the negligence of a permissive user unless the driver is acting as the owner's agent or employee. Fu v. Fu, 733 A.2d 1133, 1138 (N.J. 1999) (citing Haggerty v. Cedeno, 653 A.2d 1166 (N.J. Super. Ct. App. Div. 1995), cert. denied, 660 A.2d 1197 (N.J. 1995)).  In order to be entitled to summary judgment, "the owner must show by uncontradicted testimony that no employer-employee or principal-agent relationship existed, or, if one did exist, that the employee or agent had transgressed the bounds of his authority."  Harvey v. Craw, 264 A.2d 448, 451  (N.J. Super. Ct. App. Div. 1970) (citations omitted) (noting that agency cases primarily involve two fact situations: (1) the vehicle is owned by a parent and is being operated by a member of his family, or (2) the driver is actually employed by defendant owner and the question involves deviation from the scope of that employment).

Here, Cave testified at his deposition that the accident happened while he and his friend were driving to either a Pep Boys store in Cinnaminson or the Pennsauken Mart.  (Def. Ex. B.) Cave testified that he was not running an errand for his mother, or doing anything on her behalf at the time of the accident. (Id.)  Plaintiffs have not disputed this evidence.

Because Armstrong has provided uncontradicted testimony that Cave was not acting as her agent, Armstrong cannot be held liable for his alleged negligence.  Accordingly, she is entitled to summary judgment.

An appropriate Order will be entered.

Dated: March 3, 2008                    s/ Noel L. Hillman

At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.