**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

NORMA K. DIDIEGO          :   Civil Action No. 06-4806(NLH)
and JOSEPH M. DIDIEGO,    :
                          :
        Plaintiffs,       :
                          :
    v.                    :   **OPINION**
                          :
CHRISTIAN R. CAVE         :
and DAWN M. ARMSTRONG,    :
                          :
        Defendants.       :
                          :

**APPEARANCES:**

Daryl W. Winston, Esquire
Conrad, O'Brien, Gellman & Rohn, PC
1040 Kings Highway North
Suite 600
Cherry Hill, NJ 08034

    *Attorney for Plaintiffs*

Robert R. Nicodemo, III, Esquire
Law Offices of Robert R. Nicodemo, III
303 South Kings Highway
Suite 4
Cherry Hill, NJ 08034

    *Attorney for Defendants*

**HILLMAN**, District Judge

     On May 28, 2008 through June 2, 2008, a jury trial was

held in this case, which concerns injuries plaintiffs alleged to

have sustained in an October 14, 2004 motor vehicle accident

where defendant rear-ended plaintiffs' vehicle.  At the end of

the trial, the jury returned a verdict assessing sixty-percent

liability to defendant and forty-percent liability to plaintiff

Joseph DiDiego.  The jury awarded Norma DiDiego, who is the wife

of Mr. DiDiego and was the passenger in their automobile, $10,000 for pain and suffering, but did not provide compensation for her past and future medical expenses or her past and future lost wages.  The jury also did not find for Mr. DiDiego on his loss of consortium claim.  Presently before the Court is plaintiffs' motion for a judgment on liability and new trial with regard to the damages awarded to Mrs. DiDiego.  For the reasons expressed below and at oral argument held on August 7, 2008 and September 8, 2008, plaintiffs' motion will be denied.

## DISCUSSION

Plaintiffs advance two main bases for judgment notwithstanding the jury's verdict and for a new trial.  First, plaintiffs argue that the apportionment of liability was not supported by the evidence, and therefore this Court is required to direct 100% liability onto defendant.  Second, plaintiffs argue that a new trial is warranted as to Mrs. DiDiego's past and future medical expenses and past and future lost wages because the jury's verdict was against the weight of the evidence.[1]  Defendant opposes plaintiffs' motion, and seeks a final judgment in this case consistent with the jury's verdict.

---

[1]Plaintiffs also present four additional bases for a new trial.  These bases, as briefly discussed below, were resolved at oral argument.

**1.    Whether plaintiffs are entitled to judgment as a matter of law as to defendant's liability**

Plaintiffs argue that because defendant struck their automobile in the rear, defendant should be held to be 100% liable for plaintiffs' damages, and the jury's assessment of 40% of the liability on Mr. DiDiego was not supported by the evidence.  Defendant counters that the jury's verdict was proper and supported by the evidence.

During trial, the jury heard two different versions of the events leading to the collision.  Mr. DiDiego testified that he was stopped at red light in the center lane of Route 130 South in Cinnaminson, New Jersey when defendant struck his vehicle from behind.[2]  Defendant testified that he was traveling approximately 40-45 mph when he came upon plaintiffs' vehicle moving only 25 mph and getting slower in a 50 mph zone.  Defendant testified that the light was green, and that cars traveling at higher rates of speed were passing him in the outer two lanes and proceeding through the intersection.  Defendant testified that upon seeing plaintiffs' brake lights, he determined he could not change lanes, so he applied his brakes in an attempt to stop.  Defendant testified that his vehicle slowed to approximately 30 mph, but

---

[2]Mr. DiDiego also testified that there was a car stopped directly in front of them at the red light, but that his automobile did not come in contact with that car when he was struck from behind by defendant.  There was no evidence presented that plaintiffs' vehicle struck any car in front of it or that any other vehicle was involved in the collision.

because of the wet road conditions, defendant slid into the rear of plaintiffs' automobile.  After hearing this testimony, the jury found both defendant and Mr. DiDiego negligent, and apportioned 60% liability to defendant, and 40% liability to Mr. DiDiego.

To support their argument that the evidence does not support this finding, plaintiffs primarily rely on Dolson v. Anastasia, 258 A.2d 706 (N.J. 1969).  In Dolson, the defendant had been following behind the plaintiff on a four lane highway approaching an intersection.  The plaintiff testified that she desired to make a left turn at the intersection, so she came to a stop to allow the oncoming traffic to pass.  She testified that she looked in her rearview mirror and did not see any car following her.  A few seconds later, however, she was hit from behind by the defendant.

The defendant testified that he had been aware of plaintiff's car for several hundred feet, and that he observed her slowing down and her brake lights blinking on and off, but he did not notice whether she had her turn signal on.  The defendant testified that he slowed down, but when he applied his brakes, he could not stop because he hit an oil slick, and he crashed into the back of the plaintiff's car.

A jury returned a verdict of no-cause, and the trial judge denied the plaintiff's motion for new trial as to liability.  The

Appellate Division affirmed.  On appeal, the New Jersey Supreme

Court reversed, finding that the verdict was against the weight

of the evidence.  The court noted,

> It is elementary that a following car in the same lane
> of traffic is obligated to maintain a reasonably safe
> distance behind the car ahead, having due regard to the
> speed of the preceding vehicle and the traffic upon the
> condition of the highway.  Failure to do so resulting
> in a collision [i]s negligence and a jury should be so
> instructed.

Dolson, 258 A.2d at 710 (citing N.J.S.A. 39:4-89, which provides,

"The driver of a vehicle shall not follow another vehicle more

closely than is reasonable and prudent, having due regard to the

speed of the preceding vehicle and the traffic upon, and

condition of, the highway") (other citation omitted).

The court held that "defendant's negligence was apparent by

his own testimony," and there was not sufficient evidence of

negligence on the part of the plaintiff "which proximately

contributed to the collision."  Id. at 711.  The court also held

that the trial judge's instruction to the jury that N.J.S.A.

39:4-89 was only evidence of negligence, rather than negligence

itself, was in error.  Id.

Despite plaintiffs' reliance on Dolson in this case, it does

not support the imposition of 100% liability on to the defendant.

As a primary matter, Dolson does not stand for the proposition

that any defendant who rear-ends another vehicle is 100% liable

for the accident.  See La Mandri v. Carr, 372 A.2d 1327, 1329

(N.J. Super. Ct. App. Div. 1977) ("We think that the section of the Motor Vehicle Law in controversy [N.J.S.A. 39:4-89] was not intended to apply indiscriminatel[y] to any case in which the front of one vehicle comes into contact with the rear of another, irrespective of how the collision occurred."); see also Leder v. Sarpong, 2007 WL 3341741, *3 (N.J. Super. Ct. App. Div. Nov. 13, 2007) ("Contrary to plaintiff's contention, the mere fact that a following vehicle collides with the vehicle ahead does not necessarily lead to the conclusion that there was a violation of N.J.S.A. 39:4-89.").

Additionally, Dolson does not support plaintiffs' position because the jury was not given the instruction with regard to N.J.S.A. 39:4-89.  Plaintiffs did not ask for such an instruction, and, therefore, the jury did not consider it. Moreover, even if plaintiffs did ask for the instruction as to N.J.S.A. 39:4-89, it would not necessarily be applicable to the facts here.[3]  See La Mandri, 372 A.2d at 1330 (stating that the statute applies to a defendant following too closely in the same lane of traffic); Leder, 2007 WL 3341741 at *3 (holding that the statute applies to "everyday traffic problem or a foreseeable braking situation," and did not apply to a situation involving evasive action).

_____

[3]While not dispositive, the Court notes that although the police responded to the accident at issue here, no summonses were issued to either party.

The main reason why <u>Dolson</u> does not warrant the modification of the jury's apportionment of liability is that the jury found defendant here to be negligent.  This case is not like <u>Dolson</u>, where the defendant rear-ended the plaintiff and the jury did not find any negligence on the part of the defendant.  Here, the jury determined that defendant was indeed negligent by hitting the rear of plaintiffs' vehicle, and was a proximate cause of the collision.

Furthermore, this case is not like <u>Dolson</u> because the jury found that Mr. DiDiego was also negligent, and the evidence presented to the jury supports that finding.  Both the plaintiff in <u>Dolson</u> and Mr. DiDiego testified that they were stopped at an intersection--to make a left turn and because the light was red, respectively.  Unlike <u>Dolson</u>, however, there was testimony in this case by defendant that provided evidence of Mr. DiDiego's own negligence.  It is apparent that the jury did not credit Mr. DiDiego's version of the accident (stopped at a red light behind a car waiting for the light to change), and instead believed defendant's version (Mr. DiDiego markedly slowed his car in the center lane of moving traffic).  By believing defendant's version, the jury determined that Mr. DiDiego was negligent by traveling 25 mph and slower on a 50 mph highway.  The jury then considered both defendant's negligence and Mr. DiDiego's negligence, and attributed 60% fault to defendant, and 40% fault

to Mr. DiDiego.   The facts of this case and the jury's findings take this case out of the purview of <u>Dolson</u>.

In determining whether Mr. DiDiego and/or defendant was negligent, the jury considered the parties' testimony, as well as the agreed-upon jury instruction regarding the duty of an automobile driver to make observations.  (<u>See</u> Jury Instructions at 23, "The law imposes upon the driver of an automobile the duty of exercising such care as is reasonable under all the circumstances confronting him/her at the particular time.  This duty requires motorists to use our streets and highways with reciprocal regard for the rights of others who may also be using them.  Thus a motorist is required to make such observations for traffic and vehicles which are in or may come into his/her path of travel, as a reasonably prudent person would make.")  This Court cannot overturn the jury's determination as to the parties' credibility, and, consequently, the Court cannot overturn the jury's determination that both defendant and Mr. DiDiego were negligent in their duties of "exercising such care as is reasonable under all the circumstances confronting him/her at the particular time."[4]  Accordingly, the Court cannot modify the

_____

[4]A motion for a renewed motion for judgment as a matter of law under is governed by Federal Rule of Civil Procedure 50(b). Such a motion "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability."  <u>Lightning Lube, Inc. v. Witco Corp.</u>, 4 F.3d 1153,

jury's apportionment of liability.  See Rosinola v. Koehler, 2007

WL 2982272, *3 (N.J. Super. Ct. App. Div. Oct. 15, 2007)

(disagreeing with plaintiff's argument that because she complied

with the motor vehicle statute regarding a duty to yield, and

because defendant failed to maintain a reasonably safe distance

behind her vehicle, she was entitled to judgment not withstanding

the jury's verdict as to apportioning liability 55% plaintiff/45%

defendant, because that argument "ignores the testimony of

defendant that plaintiff inexplicably stopped her vehicle

approximately sixty feet from the yield sign, well before the

merger lane became the new third lane on Route 38 East, when

there was no oncoming traffic for which she had to yield, much

less come to a complete, abrupt stop, and that there was residual

snow and sand on the roadway from a recent snowfall," and that

"testimony, if accepted by the jury, would tend to negate

plaintiff's testimony that it was necessary for her to stop as

---

1166 (3d Cir. 1993).  "In determining whether the evidence is
sufficient to sustain liability, the court may not weigh the
evidence, determine the credibility of witnesses, or substitute
its version of the facts for the jury's version."  Id.  "The
question is not whether there is literally no evidence supporting
the party against whom the motion is directed but whether there
is evidence upon which the jury could properly find a verdict for
that party."  Id.; see also Raiczyk v. Ocean County Veterinary
Hospital, 377 F.3d 266, 268 (3d Cir.2004) ("A judge may overturn
a jury verdict only when, as a matter of law, the record is
critically deficient of that minimum quantity of evidence from
which a jury might reasonably afford relief.") (quotations
omitted).

she did and would support defendant's contention that plaintiff's unexpected actions caused the accident.  Thus, deferring to the jury's credibility determinations and considering the proofs as a whole, we are satisfied that 'reasonable minds might accept the evidence as adequate to support the jury verdict.'").

2.    **Whether a new trial is warranted as to Mrs. DiDiego's past and future medical expenses and past and future lost wages**

The jury awarded Mrs. DiDiego $10,000 for her pain and suffering caused by defendant's negligence.  The jury did not award Mrs. DiDiego any compensation for her past and future medical bills related to her shoulder surgery, or her past and future lost wages.  Plaintiffs argue that this is against the weight of the evidence and warrants a new trial.  Defendant counters that the evidence presented to the jury supports the verdict.

Plaintiffs presented evidence, through Mrs. DiDiego's testimony and the testimony of her expert witness/treating physician, that the accident caused her to require shoulder surgery and to be permanently disabled from working because of that shoulder injury.  Defendant presented evidence, through his expert witness, that Mrs. DiDiego's shoulder injury was a result of a degenerative condition pre-dating the accident, and that any medical bills and lost wages were a result of this pre-existing

10

condition.   Defendant also presented evidence, that plaintiffs

did not dispute, that Mrs. DiDiego refused ambulance services and

did not receive emergency room treatment on the day of the

accident and that she did not take off any time from work

following the accident until the surgery eight months later.

Further, defendant presented evidence that a week following the

surgery, Mrs. DiDiego was cleared to return to work on "partial

duty."[5]

     The jury was presented evidence from both sides, and it

chose to credit defendant's evidence.   By awarding Mrs. DiDiego

$10,000 for her pain and suffering, the jury acknowledged that

she was entitled to some compensation for defendant's negligence.

By not awarding Mrs. DiDiego any compensation for lost wages or

medical bills related to her surgery, it is clear that the jury

did not believe that the lost wages or medical bills were related

to defendant's negligence.   The evidence presented by defendant

supports these findings and does not amount to a miscarriage of

---

     [5]The Court notes that while Ms. DiDiego claimed her injuries
resulted from the accident, Mr. DiDiego, who was seated next to
her, suffered no injuries from the accident.   The point is not to
emphasize one piece of evidence over another, but to note that
there were numerous pieces of evidence presented to the jury to
support both plaintiffs' case and defendant's defense.   The Court
refrains from reciting every piece of evidence in this Opinion,
and instead focuses on the core evidence that served to form the
bases of the parties' positions.   Additionally, this Opinion has
been supplemented by findings at oral argument.

justice.[6]  Consequently, plaintiff's motion for a new trial must

be denied.

### 3.    Additional bases for new trial

Plaintiffs present four additional bases for a new trial: 1)

the inclusion of the photographs of plaintiffs' vehicle; 2) the

curative instruction with regard to the photographs was

insufficient; 3) defense counsel's reference to the police report

was improper and inadmissable; and 4) preclusion of the 2008

medical treatment records was too harsh a result against

plaintiffs.

For the reasons expressed at oral argument, these arguments

are unavailing and do not constitute the necessity of a new

trial.

---

[6]Rule 59(a) of the Federal Rules of Civil Procedure allows a
party to seek relief from a judgment by filing a motion for a new
trial.  "New trials because the verdict is against the weight of
the evidence are proper only when the record shows that the
jury's verdict resulted in a miscarriage of justice or where the
verdict, on the record, cries out to be overturned or shocks our
conscience."  Vargo v. Coslet, 126 Fed. Appx. 533, 534 (3d Cir.
2005) (quoting Klein v. Hollings, 992 F.2d 1285, 1290 (3d Cir.
1993).  Grounds upon which a new trial may be granted include: 1)
that the verdict is against the weight of the evidence; 2) that
the damages are excessive; or 3) that the district court made
substantial errors in the admission or rejection of evidence or
in its instructions to the jury.  Montgomery Ward & Co. v.
Duncan, 311 U.S. 243, 251 (1940).  The district court has
discretion whether or not to grant a new trial.  Wagner v. Fair
Acres Geriatric Ctr., 49 F.3d 1002, 1017 (3d Cir. 1995).

## <u>CONCLUSION</u>

For the reasons expressed above and at oral argument, plaintiffs' motion for judgment notwithstanding the verdict and for a new trial must be denied.  An appropriate Order will be entered.


Dated: September 12, 2008                    s/Noel L. Hillman

At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.